Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 788-5695
Stephanie@thetatarlawfirm.com

*Attorney for Plaintiff Vivian Rivera*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIVIAN RIVERA**<br><br>Plaintiff,<br><br>v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC., CONVERGENT OUTSOURCING, INC.** and **I.C. SYSTEM, INC.**<br><br>Defendants. | **CIVIL ACTION NO. 8:14-CV-2013**<br><br>**COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT AND FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer Vivian Rivera against Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Vivian Rivera is an adult individual residing in Hanover Park, IL.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a business entity and consumer reporting agency that regularly conducts business in the Central District of California, and which has its headquarters and a principal place of business located at 475 Anton Boulevard, Costa Mesa, CA.

6. Defendant Convergent Outsourcing, Inc. ("Convergent") is a business entity that regularly conducts business in the Central District of California and which has a principal office located at 800 SW 39th Street, Renton, WA. The principal purpose of Convergent is the collection of debts already in default using the mails and telephone, and Convergent regularly attempts to collect said debts.

7. Defendant I.C. System, Inc. ("I.C. System") is a business entity that regularly conducts business in the Central District of California and which has a principal office located at 444 Highway 96 East, Vadnais Heights, MN. The principal purpose of I.C. System is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

8. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from at least August 2013 through present. The inaccurate information includes accounts with Capital One, Chase, Discover Financial Services, First Premier Bank and Merrick Bank, collection accounts with

Convergent Outsourcing, I.C. System and Pro Com Services of Illinois, as well as personal identifying information.

9. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, and that actually belong to another consumer. Due to Defendants' faulty procedures, Defendants mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

10. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown. Defendants have repeatedly published and disseminated consumer reports to such third parties from at least August 2013 through the present.

11. Plaintiff's credit report and file has been obtained from Defendants and has been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving different credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from Defendants by such third parties from at least August 2013 through the present.

12. The alleged debts reported by Convergent and I.C. System arose out of a transaction which was primarily for personal, family or household purposes.

13. At all pertinent times hereto, Plaintiff was not responsible for the debts.

14. Notwithstanding the above, Convergent and I.C. System have been falsely furnishing and/or reporting the information about the debts in connection with Plaintiff's credit history to credit reporting agencies including but not limited

3
COMPLAINT AND DEMAND FOR JURY TRIAL

to Experian when they knew or should have known that the debts did not belong to Plaintiff.

15. The debts negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

16. Convergent and I.C. System knew or should have known that their actions violated the FDCPA. Additionally, Convergent and I.C. System could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

17. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress including anxiety, frustration, embarrassment and humiliation.

18. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

19. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA

**(Plaintiff v. Experian)**

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. At all times pertinent hereto, Experian was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

22. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

23. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

24. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Experian is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

25. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Experian is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO – VIOLATIONS OF THE FDCPA

**(Plaintiff v. Convergent and I.C. System)**

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. Convergent and I.C. System are each a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA

29. The above reporting of the inaccurate information to credit reporting agencies by Convergent and I.C. System are "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

30. Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

31. Convergent and I.C. System violated the FDCPA. Convergent and I.C. System's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10) and 1692f, as evidenced by the following conduct:

    a. The false representation of the amount, character or legal status of a debt;

    b. Communicating or threatening to communicate to any person credit information which is known or which should be known to be false; and

    c. Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

32. Convergent and I.C. System's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

33. As a result of the above violations of the FDCPA, Convergent and I.C. System are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## JURY TRIAL DEMAND

34. Plaintiff demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.

Respectfully Submitted,

TATAR LAW FIRM

BY: _____

Stephanie Tatar

Attorney for Plaintiff

DATE: December 18, 2014